UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-62006-CIV-SINGHAL

LUIS ALBERTO TEJEDA-ZELAYA,

     Petitioner,

v.

WARDEN, Broward Transitional Center, *et al.*,

     Respondents.

_____/

### ORDER

**PETITIONER TEJEDA-ZELAYA** was the passenger during a valid traffic stop. But after the driver of the vehicle, Petitioner's cousin, was detained for being subject to a final order of removal, the police also detained Petitioner for "immigration . . . to inspect him." (Petition (DE [1] ¶ 12-13). Petitioner now challenges his detention as the fruit of an unconstitutional arrest. But habeas petitions are not the proper vehicle to raise constitutional challenges to the nature of the arrest—a suit under 42 U.S.C. § 1983 would be a better vehicle. "A writ of *habeas corpus* is not like an action to recover damages for an unlawful arrest or commitment, but its object is to ascertain whether the prisoner can lawfully be detained in custody . . . ." *Nishimura Ekiu v. United States*, 142 U.S. 651, 662 (1892). "[C]ourts have long recognized that an unlawful arrest, by itself, doesn't warrant release." *See Buriev v. Warden, GEO, Broward Transitional Ctr.*, 2025 WL 2763202, at *3 (S.D. Fla. Sept. 26, 2025) (collecting cases). "Even if, arguendo, appellant's arrest was illegal, that alone does not present grounds for habeas corpus relief unless such arrest in some way deprived the petitioner of a fair trial." *Abraham v. Wainwright*, 407 F.2d 826, 828 (5th Cir. 1969).

Here, the only issue Petitioner raises with his detention is that his arrest was unconstitutional.  The Court cannot grant release on that basis alone.  Petitioner would have to show that his detention itself, not just the manner of arrest, was unlawful and that he was entitled to release.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Petition (DE [1]) is **DENIED**.  The Clerk of Court is directed to **CLOSE** this case, **CANCEL** all hearings and deadlines, and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 22nd day of July 2026.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF